BURKE *v.* THOMSON METER CO.

*(City Court of Brooklyn, General Term. March 31, 1892.)*

1. CONTRIBUTORY NEGLIGENCE OF SERVANT—EVIDENCE.

Plaintiff operated a circular saw, with a movable carriage attached, on which was a vise holding a rod of rubber, from which disks were cut by moving the carriage up to the saw. The rubber slipped from the jaws of the vise, when moved up to within an inch of the saw, and plaintiff proceeded to readjust the same without moving the carriage back, and in so doing his hand came in contact with the saw. He had been instructed to look out for his fingers, and was aware of the dangers of the machine. *Held,* that he was guilty of contributory negligence, and could not recover.

2. SAME—INSTRUCTION BY MASTER—OBVIOUS DANGERS.

The contention that the employer was culpably negligent in not instructing plaintiff as to the dangers of the machine, and the liability of a short piece of rubber to slip from the vise, could not be sustained, in view of the fact that its dangers were perfectly obvious, and of plaintiff's testimony, which showed that he appreciated them.

3. SAME—PROXIMATE CAUSE OF INJURY.

The proximate cause of plaintiff's injury being his failure to move the carriage back, for the purpose of adjusting the rubber, the fact that the vise had flat, instead of concave, jaws, which would have held the rubber more firmly, was immaterial, with respect to defendant's liability.

Appeal from trial term.

Action by John E. Burke against the Thomson Meter Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*Coursen & Coursen,* for appellant. *Chas. J. Patterson,* for respondent.

OSBORNE, J. Plaintiff, a young man 17 years of age, brings this action to recover damages for injuries suffered by him through the alleged negligence

of the defendant. The negligence complained of was the failure to give the plaintiff adequate instructions and cautions in regard to operating an alleged dangerous and faultily constructed machine. The answer denied all negligence. On the trial, at the close of the plaintiff's case, the complaint was dismissed on the ground that there was no proof of negligence on the part of the defendant, and this appeal is taken from the judgment entered thereon. It appears from the evidence that plaintiff had been employed in defendant's factory for about 11 months previous to receiving the injuries complained of. He first began at shop-work, running errands, etc., and from time to time was put to work at various machines in defendant's factory for longer or shorter periods, so that we think it cannot be denied that plaintiff had obtained some general knowledge of operating machinery, and he had also worked before the day of the accident in cutting disks on the machine by which he was injured. The machine in question was known as a milling machine, and was used, among other purposes, for cutting vulcanized rubber. It consisted of a carriage holding a vise, which was moved up against a stationary circular saw by means of a lever at the end of the machine. In the vise was set a rod of hard rubber about three feet in length, which was moved up to the saw by the lever, and a piece of rubber about an inch in length was cut from the protruding end. The carriage was then moved back by the lever about a foot away from the saw, when the vise was loosened, the rod of rubber readjusted, the vise was made tight again, and the carriage was again moved up to the saw by the lever for a fresh cutting. Plaintiff had been engaged in this work, on the day of the accident, for about seven or eight hours. The rod of rubber which he was cutting at the time of the accident had been reduced in length to about two inches. He had fastened this piece in the vise, and had moved it up to within about an inch of the saw, when the rubber slipped upward, out of the jaws of the vise. He thereupon proceeded, without moving back the carriage, to readjust the piece of rubber in the vise, and after he had done so, and while withdrawing his hand, it came in contact with the saw, and a portion of his thumb and index finger were cut off. It also appeared that it was not unusual for a short piece of rubber to slip from the vise.

The learned counsel for the appellant contends that plaintiff was not sufficiently instructed as to the dangers of the machine, and the liability of a short piece of rubber to slip up from the vise; and also that the machine was unsafe in not having concave jaws on the vise, so as to more accurately hold a short piece of rubber. We think that the testimony of the plaintiff himself effectually disposes of the claim of negligence on the part of the defendant for the alleged failure to instruct him as to the character of the work. He testifies as follows: "Mr. Lambert, the superintendent of defendant, put me to work at this work at which I was hurt. He said, ' Go down to John Harding, and cut that rubber.' John Harding set the machine, put the vise on it, cut off three or four pieces of the rubber, and says to me, ' Go ahead, and work on it. Look out for your fingers.'" On his cross-examination, he further testified: "When the man told me to take care of my fingers, I certainly knew that he meant that I should keep them away from the saw. I knew if I got my fingers against the saw I would be injured. My fingers went up against the saw after I had moved them from the piece of rubber. I don't know how they did it. * * * I don't know what I done with my fingers after I took them off the rubber. I know they was cut. Certainly, they couldn't be cut unless I moved them against the saw myself. I knew the saw was going around very fast. * * * I knew if I got my hand against that saw it would hurt me. On that machine I knew it would cut my fingers off, and that it was my business to keep my fingers away from the saw. On the machine which cut the rubber I had kept my fingers away from the saw all day, and I could have kept them away then, only the vise was so

near the saw. I didn't draw the vise back, because I didn't realize at that moment how far the vise was to the saw. I thought it was further away from the saw, and that is the way I happened to move my hand against the saw that way. * * * I didn't realize that this rubber was so near the saw. If I had, I wouldn't seek to readjust it, because certainly I knew it was dangerous. *Question.* You could have seen the rubber and the saw, and seen how close the two were together, if you had looked at it, couldn't you? *Answer.* Oh, if I had looked, yes, sir," etc. We think from this evidence that it cannot be denied that plaintiff was aware of and fully appreciated the dangers to be apprehended from operating this machine. Nothing that defendant or its superintendent could have added to the instruction already given would have enlarged his knowledge in that respect. Under those circumstances, he took upon himself the risks which were patent in his employment. *Hickey* v. *Taaffe*, 105 N. Y. 26, 12 N. E. Rep. 286.

The learned counsel for the appellant also claimed that defendant was negligent in not having concave jaws on the vise, so as to hold a short piece of rubber more firmly, and he introduced the evidence of an expert in an effort to support that theory. This witness, however, while testifying that "concave jaws were generally used for such work as this," also admitted that "flat jaws may be used; they are in some instances," and that he had used flat jaws himself. This was far from showing that defendant was negligent in using a machine with flat jaws. But, even if that were the case, the plaintiff was not injured in consequence thereof, but because, when the piece of rubber slipped, he, with full knowledge of the proximity of the saw and the danger thereof, attempted to readjust the piece of rubber without first moving the carriage back from the saw to a point where he could have fixed the rubber with perfect safety to himself. None of the exceptions taken in the course of the trial seem to us to have any merit, or to call for any discussion. Judgment was entered herein dismissing the complaint "upon the merits." This was not in accordance with the decision of the learned trial judge, who simply dismissed the complaint. We think that the judgment should be modified by striking out therefrom the words "upon the merits;" and, as modified, it is affirmed.